(82 Misc. Rep. 446.)

### WATERS v. THOMPSON–STARRETT CO.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

Master and Servant (§ 287*)—Injuries to Servant—Methods of Work—Negligence.

   Where plaintiff was injured in assisting his fellow servants in handling iron beams, and there was testimony that in handling such beams experienced iron workers should be employed, whether the foreman was negligent in directing that the work be done in an unsafe manner by inexperienced men without warning, or instructions, and whether this was not an act of superintendence on the part of an employé, within Labor Law (Consol. Laws 1909, c. 31) § 200, held for the jury.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1034, 1045, 1051, 1052, 1054–1067; Dec. Dig. § 287.*]

Appeal from City Court of New York, Trial Term.

Action by Felix Waters against the Thompson-Starrett Company. From a City Court judgment dismissing the complaint at the close of plaintiff's case, he appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

William C. Abercrombie, of New York City (Wm. Edgar Weaver, of Whitestone, of counsel), for appellant.

William Butler, of New York City (R. Waldo MacKewan, of counsel), for respondent.

BIJUR, J.   Plaintiff showed that he was a bricklayer's helper, employed in wheeling cement, which was put in pier holes for building a foundation.   He was working under a foreman employed by the defendant, who was the contractor on the building.   During the course of the day a number of iron beams about 25 feet long, 6 inches wide, and 18 inches high, weighing from 800 to 1200 pounds, had been placed in such position that they obstructed the gangway used by plaintiff and his fellow workmen.   They had been lowered and placed in this position by an adjacent derrick.   Plaintiff's foreman called his gang together to move these beams in a hurry.   They were lying close together.   The men pushed the beams lengthwise out of their way.   In pushing one of them, it toppled over, and plaintiff's thumb was caught between that beam and the one against which it fell, causing the injury of which he complains.   The action was brought under the Employers' Liability Act (Consol. Laws 1909, c. 31, §§ 200–204).

The testimony of an inexperienced iron worker was given, without objection, to the effect that in handling such beams experienced iron workers should be employed, and that they should be moved either with a derrick or on rollers and with a bar.   On this state of facts, even without according to plaintiff the favorable inferences to which, on a motion to dismiss, his testimony is entitled, it seems to me that the question should have been submitted to the jury whether the foreman had not acted negligently in directing this work to be done in an unsafe manner by inexperienced men without warning or instructions, and whether this was not an act of superintendence on the part of an employé "intrusted with and exercising superintendence whose sole or principal duty is that of superintendence," as described in Labor Law, § 200.   Lopisi v. Degnon Cons. Co., 76 Misc. Rep. 279, 134 N. Y. Supp. 927; Tribastoni v. Rodgers & Hagerty, Inc., 72 Misc. Rep. 77, 129 N. Y. Supp. 402.

The respondent cites in support of the judgment Ozogar v. Pierce, etc., Mfg. Co., 134 App. Div. 800, 119 N. Y. Supp. 405, in which the court holds that changing the position of a heavy iron casting weighing some 1,300 pounds was a simple act that required no apparatus, but that, in any event, the evidence that the casting had been, or that such castings were usually, moved by a derrick in the establishment, was immaterial, in view of the fact that the necessity for changing its position at the time of the accident was due to the need of getting it through a door to an elevator, where a derrick would not have been available.   This case is distinguishable in a marked degree from the one at bar, where the evidence was that the very operation which caused the accident was usually performed with the apparatus named, and could not safely be performed otherwise.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.   All concur.